Jeffrey A. Long, OSB No. 862350 (Lead Counsel)
Marc E. Dann, Ohio Bar No. 0039425 (*Pro Hac Pending*)
**OREGON CONSUMER LAW CENTER**
4248 Galewood St.
Lake Oswego, OR 97035
Telephone: (503) 374-9777
Facsimile: (503) 822-6727
E-mail:     jefflonglawyer@gmail.com
            mdann@dannlaw.com
            notices@dannlaw.com
*Of Attorneys for Plaintiff Azhang Shaine Aazami*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AZHANG SHAINE AAZAMI**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.**, a California Corporation; and **QUALITY LOAN SERVICE CORPORATION OF WASHINGTON**, a Washington Corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR MONEY DAMAGES**<br>1. Declaratory Judgment;<br>2. Supplemental State Law Claim for Breach of Contract;<br>3. Violation of 12 C.F.R. § 1024.36; and,<br>4. Violation of 12 C.F.R. § 1024.35.<br><br>**DEMAND FOR JURY TRIAL** |

Now comes Plaintiff Azhang Shaine Aazami, by and through counsel, and hereby states as follows for his Complaint for Money Damages against Wells Fargo Bank, N.A. and Quality Loan Service Corporation of Washington:

Page 1 – Complaint

OREGON CONSUMER LAW CENTER
4248 Galewood St., Lake Oswego OR 97035
Phone: (503) 374-9777   Fax: (503) 822-6727
jefflonglawyer@gmail.com

## PARTIES

1. Plaintiff Azhang Shaine Aazami (hereafter "Plaintiff" or "Aazami") is AN Oregon individual and is the owner of real property and improvements located at and commonly known as 826 Voris Ave., Ashland, Oregon 97520 (the "Home").

2. Aazami maintains the Home as his primary, principal residence and he financed the Home by and through a loan originated on or about January 2, 2013, as evidenced by a note (the "Note") and a Deed of Trust on the Home that allegedly secures the Note (the "Deed of Trust") (hereafter collectively the "Loan"). *See* Exhibit 4, pages 3-14.

3. Having fallen on hard economic times like so many others, Aazami has been attempting to obtain an affordable loan modification that would enable him to remain in his home. While struggling through this process, Aazami finds himself faced with proactively preventing a wrongful foreclosure action by Defendants Wells Fargo Bank, N.A. (hereafter "Defendant" or "Wells Fargo") and Quality Loan Service Corporation of Washington (hereafter "Defendant" or "Quality"). Defendants are attempting a wrongful non-judicial foreclosure sale of the Home, and Aazami reasonably believes he has no other option but to bring this case.

4. Aazami's Loan was originated by Non-Party USA Direct Funding. *See* Exhibit 4, page 11.

5. Defendant Wells Fargo is the current servicer of the Loan.

6. Defendant Quality is conducting the wrongful Trustee's Sale. *See* Exhibit 7.

OREGON CONSUMER LAW CENTER
4248 Galewood St., Lake Oswego OR 97035
Phone: (503) 374-9777   Fax: (503) 822-6727
jefflonglawyer@gmail.com

## JURISDICTION AND VENUE

7.      Jurisdiction of Aazami's claims against Wells Fargo is conferred by 28 U.S.C. §1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), the Real Estate Settlement Procedures Act, and 12 U.S.C. §§2601, *et seq.* (RESPA). Aazami is specifically filing this action to enforce regulations promulgated by the Consumer Finance Protection Bureau (CFPB) that became effective on January 10, 2014, specifically, 12 C.F.R. §1024.35 and 12 C.F.R. §1024.36 of Regulation X.

8.      This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. §1367.

9.      Venue lies in this District pursuant to 28 U.S.C. §1391(b) as Wells Fargo and Quality do business within this District, and the conduct of which Aazami complains took place primarily in this District.

## BACKGROUND AND COMMON ALLEGATIONS

10.     On or about January 2, 2013, Plaintiff took out a thirty-year fixed rate FHA loan on his property with USA Direct Funding for $405,300.00. *See* Exhibit 4, pages 3-14.

11.     Plaintiff defaulted on the loan by failing to make his payment due on August 1, 2014.

OREGON CONSUMER LAW CENTER
4248 Galewood St., Lake Oswego OR 97035
Phone: (503) 374-9777   Fax: (503) 822-6727
jefflonglawyer@gmail.com

12.     Jackson County property records reflect that on or about August 14, 2014, there was an assignment of the Note and Deed of Trust from Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") to Wells Fargo. *See* Exhibit 4, page 24

13.     Due to the complexity of the issues with the loan's origination, its securitization, and the transfers of servicing rights, Plaintiff could not have discovered the unlawful assignment by MERS until after notice of sale was published by Defendants on or about June 1, 2017.

14.     Plaintiff sent a Request for Information (RFI) pursuant to 12 C.F.R. § 1026 ("RFI") for a payoff statement to Wells Fargo by certified mail on May 15, 2017. It was delivered on May 17, 2017. Pursuant to 12 C.F.R. § 1026.36(c)(3) a response was required to be sent within seven (7) days. A response dated May 24, 2017 was received by plaintiff. **Exhibit 1**.

15.     Plaintiff sent another RFI for information identifying the owner and servicer of the mortgage loan to Wells Fargo by certified mail on May 15, 2017. It was delivered on May 17, 2017. **Exhibit 2**. Pursuant to 12 C.F.R. § 1026.36(d) an acknowledgement was required to be sent within five (5) days of receipt, and a response was required to be sent within ten (10) days. An acknowledgement and response dated May 24, 2017 was received by Plaintiff. **Exhibit 4**.

16.     Plaintiff sent a third RFI regarding the servicing of the mortgage loan to Wells Fargo by certified mail on May 15, 2017. It was delivered on May 17, 2017. **Exhibit 3**. Pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B) an acknowledgement was

OREGON CONSUMER LAW CENTER
4248 Galewood St., Lake Oswego OR 97035
Phone: (503) 374-9777   Fax: (503) 822-6727
jefflonglawyer@gmail.com

required to be sent within five (5) days of receipt, and a response was required to be sent within thirty (30) days. An acknowledgement and response dated May 24, 2017 was received by Plaintiff, which Plaintiff determined was insufficient. *See* Exhibit 4.

17. Plaintiff sent a Notice of Error (NOE) regarding the insufficient response to the third RFI to Wells Fargo by certified mail on July 19, 2017. It was delivered on July 22, 2017. **Exhibit 5**. Pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B) an acknowledgement was required to be sent within five (5) days of receipt, and a response was required to be sent within thirty (30) days. An acknowledgement dated July 25, 2017 was received by Plaintiff. A response dated August 3, 2017 was received by Plaintiff. **Exhibit 6**.

18. On or about June 1, 2017, Defendant Quality published and sent to Plaintiff a Trustee's Notice of Sale, advising that Quality had scheduled a sale of the home on behalf of an unnamed beneficiary. **Exhibit 7**. At said time and place, Quality was not the legally appointed trustee of the deed of trust, and the unnamed beneficiary was not the legal beneficiary of the deed of trust.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Against all Defendants)

Paragraphs 1 through 18 are hereby incorporated by reference as if set forth in full herein.

19. The Plaintiff asks the Court to declare the rights and obligations of the parties to the contract and to declare that none of the Defendants is in fact the

OREGON CONSUMER LAW CENTER
4248 Galewood St., Lake Oswego OR 97035
Phone: (503) 374-9777  Fax: (503) 822-6727
jefflonglawyer@gmail.com

beneficiary of the Note and the actual beneficiary as defined under ORS 86.735, that the actual beneficiary of the Note has not been made known to the Plaintiff and therefore the Defendants cannot conduct a non-judicial sale on this property under ORS § 86.705 *et seq*. The Plaintiff is further entitled to attorney fees and costs pursuant to the terms of the Deed of Trust and ORS § 20.096.

20.     The Plaintiff asks the Court to provide any equitable relief it deems further necessary or proper based on its findings in the Declaratory Judgment proceeding including but not limited to:

A. Entering a status quo Preliminary Injunction during the pendency of this lawsuit to prevent the sale of the Plaintiff's home in a non-judicial foreclosure;

B. Returning the Plaintiff to the position he was in prior to the Defendants putting him in foreclosure;

C. Declaring that MERS and the Defendants are not the "beneficiary" of the loan and therefore did not have the power or authority to appoint a substitute trustee, assign the deed of trust, or to conduct a non-judicial foreclosure;

D. Entering an Order that the current non-judicial foreclosure may not proceed.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract - Against all Defendants)

Paragraphs 1 through 20 are hereby incorporated by reference as if set forth in full herein.

Page 6 – Complaint

21. Defendants failed to meet the conditions precedent required for acceleration of the debt by not arranging a face-to-face interview with Plaintiff "before three full monthly installments due on the mortgage are unpaid" pursuant to 24 C.F.R. § 203.604.

22. Defendants' actions in pursuing a non-judicial foreclosure wrongfully invoke the power of sale because Defendants have failed to comply with the preconditions necessary to invoke the power of sale pursuant to ORS 86.705 *et seq*.

23. Defendants failure to abide by the non-judicial foreclosure statutes constitutes a breach of the Deed of Trust (DOT) contract because Defendants have sought a remedy under the DOT to which they are not entitled and because Defendants have sought to foreclose non-judicially without meeting the requirements set forth in ORS 86.705 to ORS 86.795.

24. Defendants have wrongfully exercised a remedy pursuant to a contract.

25. As Defendants' exercise of said remedy is wrongful, Defendants' wrongful exercise of the power of sale constitutes a breach of contract.

26. The DOT specifically provides for attorney fees in the event that Defendant prevails upon its exercise of the power of sale, and Plaintiff is also entitled to his attorney fees in the event Defendants' exercise of the power of sale is deemed wrongful because ORS 20.096 specifically provides:

> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on

Page 7 – Complaint

OREGON CONSUMER LAW CENTER
4248 Galewood St., Lake Oswego OR 97035
Phone: (503) 374-9777   Fax: (503) 822-6727
jefflonglawyer@gmail.com

the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract.

27. As Defendants' claimed non-judicial remedy is based purely on a contract, and as the contract at issue specifically provides for attorney fees and costs incurred to enforce the provisions of the contract, Plaintiff is entitled to an award of his fees if he prevails in voiding, invalidating, or setting aside the remedy chosen by Defendants – specifically, Defendants' election to invoke the power of sale contained in the DOT. In the event Defendants' invocation of the power of sale is deemed wrongful, Plaintiff's claim clearly falls within ORS 20.096 because Defendants' claim of the right to foreclose non-judicially arises squarely out of a contract that specifically provides for an award of attorney fees.

## THIRD CLAIM FOR RELIEF
### (Violation of 12 C.F.R. § 1024.36 – Against Wells Fargo)

Paragraphs 1 through 27 are hereby incorporated by reference as if set forth in full herein.

28. Plaintiff sent a third RFI regarding the servicing of the mortgage loan to Wells Fargo by certified mail on May 15, 2017 to the address designated by Wells Fargo pursuant to 12 C.F.R. § 1024.36(b). It was delivered on May 17, 2017. *See* Exhibit 3. Pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B) Wells Fargo's response was required to be sent within thirty (30) days. A response dated May 24, 2017 was received by Plaintiff, which Plaintiff determined was insufficient. *See* Exhibit 4.

Page 8 – Complaint

OREGON CONSUMER LAW CENTER
4248 Galewood St., Lake Oswego OR 97035
Phone: (503) 374-9777   Fax: (503) 822-6727
jefflonglawyer@gmail.com

29. Wells Fargo's failure to provide all of the information requested by and through the third RFI, or to alternatively provide an appropriate basis pursuant to 12 C.F.R. § 1024.36(f)(1), by and through the response to such, constitutes a clear, distinct and separate violation of 12 C.F.R. § 1024.36. Wells Fargo's actions are considered to be part of a pattern and practice of behavior in violation of Plaintiff's rights.

30. As a result of Wells Fargo's deficient response, Plaintiff incurred legal fees and mailing costs in preparing and sending a Notice of Error (NOE) regarding the insufficient response to the third RFI to Wells Fargo, sent by certified mail on July 19, 2017, in an attempt to receive the information to which Plaintiff was entitled pursuant to 12 C.F.R. § 1024.36. *See* Exhibit 5.

## FOURTH CLAIM FOR RELIEF
### (Violation of 12 C.F.R. § 1024.35 – Against Wells Fargo)

Paragraphs 1 through 30 are hereby incorporated by reference as if set forth in full herein.

31. Plaintiff sent a Notice of Error (NOE) regarding the insufficient response to the third RFI to Wells Fargo by certified mail on July 19, 2017. It was delivered on July 22, 2017. *See* Exhibit 5. Pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B) an acknowledgement was required to be sent within five (5) days of receipt, and a response was required to be sent within thirty (30) days. An acknowledgement dated July 25, 2017 was received by Plaintiff. A response dated August 3, 2017 was received by Plaintiff. *See* Exhibit 6.

Page 9 – Complaint

OREGON CONSUMER LAW CENTER
4248 Galewood St., Lake Oswego OR 97035
Phone: (503) 374-9777   Fax: (503) 822-6727
jefflonglawyer@gmail.com

32.     12 C.F.R. § 1024.35(e)(1) provides that a servicer must respond to a Notice of Error by either "[c]orrecting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance" or "[c]onducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance."

33.     The August 3, 2017 response was insufficient to comply with 12 C.F.R. § 1024.35(e)(1) because it did not state whether an error occurred and failed to even reference their reasonable investigation into the reasoning for which Plaintiff claimed an error was committed, instead merely mentioning that they previously responded to a similar request (the third RFI). *See* Exhibit 6.

34.     Wells Fargo's actions, in failing to provide a proper response to the NOE, constitute a clear, distinct, and separate violation of 12 C.F.R. § 1024.35. Wells Fargo's actions are considered to be part of a pattern and practice of behavior in violation of Plaintiff's rights.

Page 10 – Complaint

OREGON CONSUMER LAW CENTER
4248 Galewood St., Lake Oswego OR 97035
Phone: (503) 374-9777   Fax: (503) 822-6727
jefflonglawyer@gmail.com

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows on his claims:

1. On his First Claim for Relief for Plaintiff's declaratory judgment as well as attorneys' fees and costs.

2. On Plaintiff's Second Claim for Relief for Plaintiff's actual damages in an amount to be determined at trial but not to exceed $466,000.00.

3. On Plaintiff's Third and Fourth Claims for Relief, statutory damages in the amount of $2,000.00 for each violation of 12 C.F.R. §§ 1024.35 and 1024.36.

4. On all Plaintiff's Claims for Relief for his attorneys' fees and all costs pursuant to the terms of the deed of trust and ORS 20.096.

5. On all Plaintiff's Claims for Relief for his costs and disbursements incurred herein;

6. Any other relief the Court deems equitable and just.

Page 11 – Complaint

OREGON CONSUMER LAW CENTER
4248 Galewood St., Lake Oswego OR 97035
Phone: (503) 374-9777   Fax: (503) 822-6727
jefflonglawyer@gmail.com

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: This 4th day of October, 2017

Respectfully submitted,

**OREGON CONSUMER LAW CENTER**

Jeffrey A. Long, OSB No. 862350
4248 Galewood St.
Lake Oswego, OR 97035
Telephone: (503) 374-9777
Fax: (503) 822-6727
jefflonglawyer@gmail.com
*Of attorneys for Plaintiff Azhang Shaine Aazami*

Page 12 – Complaint

OREGON CONSUMER LAW CENTER
4248 Galewood St., Lake Oswego OR 97035
Phone: (503) 374-9777   Fax: (503) 822-6727
jefflonglawyer@gmail.com